PER CURIAM.
Jose Cortinas (Defendant) appeals an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
In May 2003, Cortinas entered a substantial assistance agreement (SAA) with the state, which required him to enter a plea to a pending charge of trafficking in cocaine. (The state’s response below attached an audiotape purporting to memorialize the oral SAA, which required Corti-nas to enter an open guilty plea; however, the disposition sheet, which the state also attached, showed that “Guilty” was checked, but that was scratched out, initialed, and his plea was changed to “No Contest.”)
In April 2005, Cortinas was sentenced for this charge by the Honorable Ilona M. Holmes to twenty years in prison with a three-year mandatory minimum, and a fine of $50,000 was imposed.
In the instant rule 3.850 motion, Corti-nas alleged that when he entered the plea, the Honorable Sheldon M. Schapiro orally pronounced that he would receive a three-year sentence if he fulfilled the requirement of rendering substantial assistance, but he would receive up to a maximum sentence of fifteen years if he did not comply with the terms of the agreement. It is undisputed that he violated the SAA by being arrested in Miami-Dade County on new charges during the period while the SAA was in effect; prior to sentencing in the instant case, he was charged, convicted and sentenced in connection with several new unrelated Miami-Dade charges.
This court issued an order to show cause limited to Cortinas’s third ground for relief, in which he claimed his defense coun *904 sel, who represented him at both the plea hearing and the sentencing hearing, was ineffective for failing to object to his being sentenced to a term in excess of the maximum exposure of the plea agreement that was accepted by Judge Schapiro, in light of which Defendant should have been able to withdraw his plea and proceed to trial.
As noted, the state attached to its response below a copy of what purports to be the audiotaped SAA; however, it did not attach any records regarding what transpired when the plea was entered, such as a transcript of a plea hearing or a written plea form. Thus, the record does not establish whether the terms discussed on tape actually were incorporated into the plea that the trial court accepted from Cortinas.
As well, the tape offered to refute Corti-nas’s motion was not authenticated. The state has not indicated that the tape ever was admitted into evidence in any prior proceedings in this case. The tape alone cannot refute Cortinas’s claims regarding what transpired when he entered his plea, namely, that the trial court announced that his maximum term of incarceration in the event he violated the SAA would be fifteen years. See Oquendo v. State, 2 So.3d 1001, 1004 (Fla. 4th DCA 2008) (reversing summary denial of 8.850 motion where record attachments did not refute allegations as to what did and did not take place at plea hearing, so this court was unable to determine if terms discussed in taped SAA were incorporated into the plea entered before the court). As this court pointed out in Oquendo, absent a stipulation, the tape would have to be authenticated as a true representation of the SAA. § 90.901, Fla. Stat. (2006).
On remand, if the state is unable to conclusively refute the claim with records of the plea hearing, an evidentiary hearing may be required to establish what then transpired and to permit Cortinas an opportunity to prove this facially sufficient claim.
We affirm the summary denial of the remaining grounds for relief without discussion.

Affirmed in Part, Reversed in Part, and Remanded.

MAY, C.J., WARNER and HAZOURI, JJ., concur.